# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERAEUS MEDICAL GmbH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. NO.: 2:14-cv-05169-CMR |
| ESSCHEM, INC., | ) | |
| | ) | The Honorable Cynthia M. Rufe |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## PLAINTIFF HERAEUS MEDICAL GMBH'S SUPPLEMENTAL INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(A)(1)

The following supplemental initial disclosures are made by Plaintiff, Heraeus Medical GmbH (hereinafter "Heraeus"), in accordance with Fed. R. Civ. P. 26(a)(1). Heraeus's supplemental initial disclosures are made subject to the limitations and exceptions set forth below.

### LIMITATIONS AND EXCEPTIONS

1.     Discovery has not closed in this case. Heraeus therefore reserves the right to make subsequent disclosures, amend these disclosures, use documents not described, and rely on witnesses not identified as additional information becomes available during the course of discovery.

2.     In making these initial disclosures, Heraeus is not waiving any objections to admissibility based upon relevance, materiality, competence, privilege, immunity, or any other objection that may be available under applicable rules of law.

## DISCLOSURES

1.      **Names of Individuals Likely to Have Discoverable Information.**

Based on information currently available to Heraeus, each of the individuals listed below may have discoverable information that Heraeus may use to support its claims.  Individuals (a) – (c), (e) and (f) are employees or former employees of Heraeus.  Dr. Klinkert is Heraeus's counsel in Europe.  Heraeus does not consent to or authorize Defendant or its counsel to communicate with any of these individuals directly.  Any such individual must be contacted only through Heraeus's undersigned counsel.

(a)      Karl-Wilhelm Schneider, Heraeus in-house attorney responsible for bone cement litigation – information claimed as Heraeus's trade secrets, steps taken to protect Heraeus's trade secrets.

(b)      Dr. André Kobelt, CEO of Heraeus Medical GmbH – Heraeus's history as a leader in the bone cement industry, business lost as a result of Biomet, Inc. and its affiliates (collectively, "Biomet")'s and Defendant, Esschem, Inc. ("Esschem")'s misappropriation of Heraeus's trade secrets; bone cement industry, use of bone cements by doctors; Heraeus's damages as a result of Esschem's misappropriation, business loss from Biomet's and Esschem's misappropriation of Heraeus's trade secrets.  Dr. Kobelt is also knowledgeable regarding Heraeus's financial reporting; Heraeus's sales and finance data; Heraeus's  marketing; and Heraeus's production capacity.

(c)      Dr. Thomas Kluge, Head of Technology of Heraeus Medical GmbH – history of the development of Heraeus's bone cements; technical details of Heraeus's bone cements and its trade secrets; features of Heraeus's bone cements and other bone cements in the industry.  Heraeus reiterates that the determinations in the Frankfurt Judgment about the Heraeus trade secrets is binding in this action such that any attempt to re-litigate this issue is improper.  Heraeus may call Dr. Kluge

at the preliminary injunction hearing to testify about the industry, substitutability of Heraeus's products, and the public interest factor.

(d)     Friedrich Klinkert – litigation of Heraeus's trade secret claims worldwide.

(e)     Nicole Petermann, Chief Financial Officer of Heraeus Medical GmbH – Heraeus's financial reporting; Heraeus's sales and finance data; Heraeus's marketing and production capacity; and Heraeus's damages as a result of Esschem's and Biomet's misappropriation of Heraeus's trade secrets.

(f)     Dr. Klaus-Dieter Kühn –  (a) Heraeus's development of bone cement products; the components used in producing Heraeus's bone cements; Heraeus's trade secrets and the measures Heraeus took to identify and protect its trade secrets; publicly available information about bone cement products and their components; and the difficulty/impossibility of reverse engineering Heraeus' bone cement.

**Individuals affiliated with Esschem**

(g)     Edward Sobolewski – research, development, composition and structure of R262 and R263.

(h)     Phon Malone – research, development, composition and structure of R262 and R263.

(i)     Michael Norquist – research, development, composition and structure of R262 and R263.

(j)     Henry Justi – research, development, composition and structure of R262 and R263.

(k)     Howard Slaff, Esschem's President - Esschem's sales, bills of lading, shipment locations, supply agreements, and communications with Biomet or other third parties regarding the 1782 action or German judgment.

**Individuals affiliated with Biomet**

(l)    Rainer Specht – research, development, composition and structure of R262 and R263; disclosure of Heraeus trade secrets to Esschem.

(m)    Daniel Smith – research, development, composition and structure of R262 and R263; disclosure of Heraeus trade secrets to Esschem.

(n)    Robert Ronk – research, development, composition and structure of R262 and R263; disclosure of Heraeus trade secrets to Esschem.

(o)    Daniel Hann–disclosure of Heraeus trade secrets to Esschem.

(p)    Dane Miller –disclosure of Heraeus trade secrets to Esschem.

(q)    Judy Fenton – bone cement industry, use of bone cements by doctors.

2.    **Description by Category and Location of Documents That May be Used to Support Heraeus's Claims**

After a reasonable inquiry, Heraeus believes that the following categories of documents and things may be used to support its claims.

(a)    The decision of the Frankfurt Court of Appeals – Germany.

(b)    Sales and marketing of Heraeus's bone cements – Germany.

(c)    Research, development, composition and structure of R262 and R263 – location unknown, but believed to be at Esschem's facility in Pennsylvania.

(d)    Esschem's knowledge that the information provided by Biomet was trade secret information belonging to Heraeus and any opinions of counsel regarding these issues – location unknown, but believed to be at Esschem's facility in Pennsylvania and/or Biomet's facilities in Indiana or elsewhere.

(e)    Discussions between Biomet and Esschem and Esschem and any third parties regarding Heraeus's trade secrets – location unknown, but believed to be at Esschem's facility in Pennsylvania and/or Biomet's facilities in Indiana or elsewhere.

(f)     Manufacturing of R262 and R263 – location unknown, but believed to be at Esschem's facility in Pennsylvania and/or Biomet's facilities in Indiana or elsewhere.

(g)     Distribution of R262 and R263 – location unknown, but believed to be at Esschem's facility in Pennsylvania and/or Biomet's facilities in Indiana or elsewhere.

(h)     Sales of R262 and R263 – location unknown, but believed to be at Esschem's facility in Pennsylvania and/or Biomet's facilities in Indiana or elsewhere.

**3.     Computation of Damages**

Heraeus has suffered and continues to suffer damages in an amount yet to be determined as a result of Esschem's ongoing use of Heraeus's trade secrets to produce and distribute R262 and R263.  Damages, including interest and costs, are authorized and recoverable under the Pennsylvania Uniform Trade Secret Act.  Heraeus is entitled to recover both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss. Alternatively, Heraeus may recover a reasonable royalty for Esschem's unauthorized use of Heraeus's trade secrets.  The amount of damages attributable to Esschem's misconduct will be determined in the course of fact and expert discovery in this case, after complete sales and other information is produced.

**4.     Applicable Insurance Agreements**

At this time, Heraeus is not aware of any such insurance agreements applicable to the types of damage and amounts in question.

Dated:  February 16, 2017                     Respectfully submitted,

                                         /s/ David A. Caine_____
                                         Samuel W. Silver (Pa. Bar No. 56596)
                                         John R. Timmer (Pa. No. 89814)
                                         SCHNADER HARRISON SEGAL & LEWIS LLP
                                         1600 Market Street, Suite 3600
                                         Philadelphia, PA 19103-7286
                                         Tel: (215) 751-2000
                                         Fax: (215) 751-2205

                                         Matthew Wolf (admitted *pro hac vice*)
                                         John Nilsson (admitted *pro hac vice*)
                                         ARNOLD & PORTER KAYE SCHOLER LLP
                                         601 Massachusetts Ave., NW
                                         Washington, DC  20001
                                         Phone:  (202) 942-5462; 5776

                                         David Caine (admitted *pro hac vice*)
                                         ARNOLD & PORTER KAYE SCHOLER LLP
                                         3000 El Camino Real
                                         Five Page Mill Road, Suite 500
                                         Palo Alto, CA 94306
                                         Phone:  (650) 319-4500

                                         *Attorneys for Plaintiff*
                                         *Heraeus Medical GmbH*

## **CERTIFICATE OF SERVICE**

I, Sherri Mills, hereby certify that the foregoing document was served upon all counsel of record via email on February 16, 2017.

Dated: February 16, 2017

/s/ Sherri Mills
_____
Sherri Mills