# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERAEUS MEDICAL GMBH, : <br>     Plaintiff, : <br>         v. : <br> : <br> ESSCHEM, INC., : <br>     Defendant. : <br> : | CIVIL ACTION NO. 14-5169 |

## MEMORANDUM OPINION

Rufe, J.                                                                                                       June 6, 2017

Before the Court is Plaintiff Heraeus Medical GmbH's Motion to Continue Deadlines and Amend the Complaint.[1] For the reasons that follow, the motion will be denied.

## I. BACKGROUND

Because the background of the case is well known to the parties, the Court repeats a brief summary from a prior Order in this case:

> Heraeus Medical GmbH is a German company specializing in the development and production of bone cements used in joint replacement surgery. Non-party Biomet, Inc. was, at one time, a distributor of Heraeus's bone cement Palacos. When the distribution relationship between Heraeus and Biomet ended in 2005, Biomet began manufacturing and selling bone cements which directly compete with Heraeus's products. After dominating the bone cement market for 50 years, Heraeus began losing [its] market share. Heraeus has sued Biomet in courts throughout Europe, alleging that Biomet's bone cement was developed using confidential information and trade secrets that Biomet misappropriated from Heraeus.
>
> Defendant Esschem, Inc. is a Pennsylvania company that specializes in the development and production of copolymers for use in implantable and non-

---

[1] Upon conclusion of briefing on the Motion, the Special Discovery Master issued a Report and Recommendation ("R&R") addressing both the request to continue deadlines and the request to amend the complaint. Heraeus objected to the R&R, arguing in part that the Special Discovery Master improperly addressed the portion of the Motion requesting leave to amend, and urging the Court to review the Motion *de novo* without considering the R&R. As the request to continue deadlines has since been resolved, *see* Doc. No. 346 (Order granting joint motion to continue deadlines), the Court has not considered the R&R and instead bases its decision on a *de novo* review of Heraeus's Motion.

implanted medical and cosmetic products. In 2004, Biomet contracted with Esschem to develop and produce certain copolymers that Biomet required to manufacture its own bone cement. With Biomet's guidance, Esschem developed copolymers R262 and R263, which it sells to Biomet for use in Biomet's bone cements. In the present case, [initiated on September 8, 2014,] Hereaus has sued Esschem, alleging that Esschem's development of copolymers R262 and R263 was guided by non-party Biomet (an assertion not in dispute), and that Esschem knowingly misappropriated Hereaus's trade secrets under Pennsylvania law to develop the component copolymers for Biomet.[2]

Hereaus now seeks an opportunity to amend the complaint to add Biomet as a defendant.

## II.    STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of pleadings with leave of court, and directs that courts "should freely give leave when justice so requires."[3] A court may deny leave to amend where (1) there has been undue delay; (2) substantial prejudice would result; (3) the moving party has demonstrated repeated failure to cure deficiency by amendments previously allowed; (4) an amendment would be futile; or (5) the court finds bad faith or dilatory motive by the moving party.[4] "[T]he burden is generally on the non-moving party to demonstrate why leave to amend should not be granted."[5]

## III.   DISCUSSION

Hereaus insists that justice requires amendment of the complaint to add Biomet as a defendant.[6] In the alternative, Hereaus contends that Federal Rule of Civil Procedure 19 requires joinder of Biomet as a defendant because Biomet's interests will be impaired if it is not joined. Both Esschem and Biomet have opposed the Motion, arguing, *inter alia*, that amendment would

---

[2] Doc. No. 269 (June 30, 2016 Order) at 1.

[3] Fed. R. Civ. P. 15(a).

[4] *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citing *Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173, 1196 (3d Cir. 1994)).

[5] *Rizzo v. PPL Serv. Corp.*, No. CIV.A. 03-5779, 2005 WL 1397217, at *3 (E.D. Pa. June 10, 2005) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

[6] Doc. No. 305 (Motion to Amend) at 5.

cause prejudice and undue delay. For the reasons that follow, leave to amend the complaint will be denied.

### A. Amendment Would Be Prejudicial and Cause Undue Delay

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment."[7] "Prejudice means 'undue difficulty in prosecuting [or defending] a law suit as a result of a change in tactics or theories on the part of the other party.'"[8] More specifically, courts consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories."[9] Heraeus denies that amendment will prejudice either Esschem or Biomet, stating that Biomet's involvement in the litigation since its inception "mitigates any potential prejudice."[10] Esschem argues that amendment would be prejudicial because it would cause a burdensome delay on its business operations and the resolution of this case.[11]

Granting leave to amend the complaint would be prejudicial. First, Heraeus moved for leave to amend over two years after filing the complaint, and about a month before the scheduled conclusion of discovery. Amendment of the complaint would necessitate a new wave of motion practice, as Biomet has suggested that it would file a motion to dismiss.[12] The Court and the

---

[7] *Cummings v. City of Philadelphia*, No. CIV. A. 03-0034, 2004 WL 906259, at *3 (E.D. Pa. Apr. 26, 2004) (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993), *aff'd*, 137 F. App'x 504 (3d Cir. 2005).

[8] *Id.* (quoting *Deakyne v. Comm'rs of Lewes,* 416 F.2d 290, 300 (3d Cir. 1969)).

[9] *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (affirming district court, which denied amendment based on prejudice and undue delay because "(1) the motion was filed three years after the complaint was filed; (2) the factual information on which the proposed amendment relied was known almost two-and-a-half years before plaintiffs sought leave to amend; (3) judicial efficiency would be damaged by trying claims seriatim; and (4) the interest in the finality of the proceedings would be compromised by amendment," and because "no 'reasonable explanation' existed to overlook the delay.").

[10] Doc. No. 305 (Motion to Amend) at 7.

[11] *See* Doc. No. 319 (Esschem Response) at 14 ("More documents, more depositions, more argument over the effect of the German Judgment, more experts, etc. will result from adding Biomet now.").

[12] Doc. No. 317 (Biomet Statement) at 8-9.

parties have already expended significant time and resources on discovery-related motion practice. Although Biomet is involved as a non-party in this litigation, its status as a non-party means it "has not had a chance to participate in the discovery process as a named defendant" and "[i]t would be extremely prejudicial to expect [it] to file dispositive motions and/or proceed to trial at any time in the near future."[13] Granting leave to amend would also undermine judicial efficiency by significantly delaying resolution of a case that has been pending for several years and required discovery in both the United States and Germany, discovery which would have to be repeated to some degree if Biomet were added as a party. Allowing amendment at this late stage would be unfair and prejudicial, and for this reason alone denial of amendment is appropriate.[14]

Heraeus's delay in seeking amendment further supports denial of amendment. Delay alone does not justify denying leave to amend; the delay must be undue. "Implicit in the concept of 'undue delay' is the premise that Plaintiff[], in the exercise of due diligence, could have sought relief from the court earlier."[15] In evaluating undue delay, courts balance the reasons for not amending sooner against the burden of delay on the Court.[16] "In particular, a district court may deny leave to amend a pleading where the moving party has: (1) failed to utilize previous opportunities to amend; and (2) has not offered any explanation for this failure."[17]

There is no question that Biomet's role in the dispute between Heraeus and Esschem has

---

[13] *Universal Computer Consulting, Inc. v. Pitcairn Enterprises, Inc.*, No. 03-2398, 2005 WL 1213884, at *4 (E.D. Pa. May 18, 2005).

[14] *See Berger v. Edgewater Steel Co.*, 911 F.2d 911, 924 (3d Cir. 1990) (proposed amended complaint which came four months after the discovery of new information, and after the close of discovery, would unfairly burden the court and the opposing party).

[15] *In re Pressure Sensitive Labelstock Antitrust Litig.*, No. 1556, 2006 WL 433891, at *1 (M.D. Pa. Jan. 3, 2006); *see also Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (holding that delay becomes undue "when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend").

[16] *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 520 (3d Cir. 1988).

[17] *AMS Const. Co. v. Reliance Ins. Co.*, No. CIVA 04-CV-02097, 2006 WL 1967336, at *2 (E.D. Pa. July 12, 2006).

been known all along: the complaint in this case alleged that Esschem knowingly misappropriated Heraeus's trade secrets under Pennsylvania law to develop copolymers for Biomet. Moreover, Heraeus had already filed similar actions against Biomet in courts across Europe, and in 2009 Heraeus filed two petitions in the Northern District of Indiana seeking discovery from Biomet for use in a pending action against Biomet in Germany.[18] In defense of its acknowledged delay in seeking amendment, Heraeus notes that "seeking leave at a late stage in the case does not preclude amendment, especially where the delay is not undue or unfairly prejudicial."[19] Heraeus further explains in its reply brief that at the time of filing, it believed that the German judgment against Biomet would have preclusive effect over this action.[20]

Even if this were a valid excuse for some delay, Heraeus's explanation does not account for the nearly five months it waited after the Court's preclusion ruling before filing the motion. Nor does it explain why a finding that the German judgment lacked preclusive effect over Esschem would create a need to add Biomet as a defendant. As Esschem and Biomet point out, Heraeus could have included Biomet as a defendant when it filed the complaint, regardless of its

---

[18] *See Heraeus v. Biomet*, Civil Action No. 3:09-cv-00530 (N.D. Ind.) (Doc. No. 1).

[19] Doc. No. 305 (Motion to Amend) at 7 (citing *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 225-26 (E.D. Pa. 2012)).

Heraeus urges the Court to follow the reasoning of *Wausau Underwriters Ins. Co. v. Shisler*, 190 F.R.D. 341, 341 (E.D. Pa. 1999), in finding delay is not undue and granting its motion. There, the court granted the motion for leave to amend to add a defendant, filed nearly one year after the original complaint and about two months before the end of discovery, even though the plaintiff knew of the additional defendant at the time it filed the complaint. The court found that no detriment to the defendant or to the court was likely to occur, basing its conclusion in part on the fact that "delay refers to delay in the proceedings, not to delay in amending the pleadings." *Id.* at 344 (citing *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 939 (3d Cir. 1984)). However, in more recent cases the Third Circuit has stated otherwise. *See, e.g.*, *Langbord v. United States Dep't of Treasury*, 832 F.3d 170, 188 (3d Cir. 2016) (quoting *Cureton*, 252 F.3d at 273 (courts "focus on the movant's reasons for not amending sooner"); *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013) ("[A] significant, unjustified, or 'undue' delay in seeking the amendment may itself constitute prejudice sufficient to justify denial of a motion for leave to amend.").

[20] Doc. No. 323 (Heraeus Reply) at 5-6. Heraeus also argues that the withholding of evidence by Biomet and Esschem—namely a PDF presentation with an embedded spreadsheet—justifies Biomet's addition as a defendant. Doc. No. 305 at 10. However, Esschem denies any wrongdoing, and offers documentation to show that the evidence in question was produced nearly seven years ago. *See* Doc. No. 319 (Esschem response) at 13; Doc. No. 319 Ex. 13.

conjectures about how the Court would rule in the future.[21]

Balancing the reasons for not amending sooner against the burden of delay, Heraeus has not justified its failure to act sooner. Heraeus could have brought this action against Biomet in the first place, as it had done numerous times in other jurisdictions. Heraeus has not offered a convincing explanation for its failure to do so, nor has it shown why this is a proper occasion to bring Biomet into the action. Thus, amendment pursuant to Rule 15(a) is not warranted.[22]

### B. Rule 19 Does Not Require Joinder

Heraeus argues in the alternative that Biomet should be added as a defendant pursuant to Rule 19, which governs joinder of parties.[23] Heraeus asserts that joinder is necessary because Biomet is indemnifying Esschem for all costs and damages arising from this litigation, and therefore the disposition of this case will likely impair or impede Biomet's ability to protect its interests.[24] However, "Rule 19 is the tool of the defendant, as the plaintiff has the power to choose which parties it wishes to sue and generally has ample freedom to amend its complaint to add a party."[25] Indeed, the cases upon which Heraeus relies involve motions by defendants to join additional parties.[26] Even were Rule 19 applicable here, Biomet has not claimed an interest in the action such that it may be unable to protect its interests if it is not joined.[27]

---

[21] *See* Doc. No. 319 (Esschem Response) at 12; Doc. No. 333 (Biomet Statement) at 5-6.

[22] Because the Court is denying the motion for leave to amend on the bases of prejudice and undue delay, it need not reach the issues of futility of the proposed amendment or dilatory motive.

[23] Rule 19 states, in relevant part, that a party should be joined if it "claims an interest an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest[.]"

[24] Doc. No. 305 (Motion to Amend) at 10-11.

[25] *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 669 (6th Cir. 2004).

[26] *See Cognis Corp. v. CHEMCENTRAL Corp.*, 430 F. Supp. 2d 806 (N.D. Ill. 2006); *C. Arena & Co. v. St. Paul Fire and Marine Ins. Co.*, No. 91-7425, 1992 WL 368455, at *3-4 (E.D. Pa. Dec. 3, 1992).

[27] *See Alpha Pro Tech, Inc. v. VWR Int'l LLC*, 984 F. Supp. 2d 425, 459 (E.D. Pa. 2013) (citing *ConnTech Dev. Co. v. Univ. of Conn. Educ. Properties, Inc.*, 102 F.3d 677, 683 (2d Cir. 1996) for the proposition that the absent party must claim its interest).

## IV.  CONCLUSION

Amendment of the complaint is not warranted for the reasons discussed above.  An appropriate Order follows.